Filed 2/17/16  P. v. Rodriguez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN RODRIGUEZ,<br><br>    Defendant and Appellant. | B264618<br><br>(Los Angeles County<br>Super. Ct. No. BA399380) |

THE COURT:[*]

Defendant and appellant Jonathan Rodriguez (defendant) appeals from the order denying his petition for resentencing under the provisions of Proposition 47 which reduce some felony theft offenses to misdemeanors.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On December 1, 2015, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, including the materials reproduced in defendant's motion to augment the record, and finding no arguable issues, affirm the order.

---

[*]    BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

In 2012, defendant was charged with two counts of second degree robbery in violation of Penal Code section 211.[1]  The information, as amended in 2013, alleged pursuant to section 186.22, subdivision (b)(1)(C), that the robberies were committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members.  As to count 2, the amended information alleged that defendant personally used a firearm in the commission of the robbery, within the meaning of section 12022.5, subdivision (a), and as to both counts, that a principal personally used a firearm, within the meaning of section 12022.53, subdivisions (b) and (e)(1).  In addition, it was alleged as to both counts pursuant to sections 1170.12, subdivisions (a)-(d), and 667, subdivisions (b)-(i), that defendant had suffered two prior juvenile adjudications, both based upon violations of section 211.

In 2013, under a plea agreement for a maximum sentence of 12 years, defendant pled nolo contendere to count 1 and admitted the gang allegation and the firearm use by a principal.  On August 1, 2013, the trial court sentenced defendant to the low term of two years, plus 10 years for the firearm enhancement, with an additional term of 10 years due to the gang enhancement, but stayed under the terms of the plea agreement.  The court dismissed count 2 and the remaining special allegations.

In 2015, defendant filed a petition for recall of his sentence and reduction of his conviction to a misdemeanor under Proposition 47.  On April 20, 2015, the trial court found that defendant's robbery conviction did not qualify for resentencing.  (See § 1170.18.)[2]  Defendant filed a timely notice of appeal from the order.

---

[1]  All further statutory references are to the Penal Code, unless otherwise indicated.

[2]  A violation of section 211 is not included in the eligible offenses listed in subdivision (a) of section 1170.18, which provides:  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

---

Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."